09-1474-cv
Heicklin v. Morgenthau

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

Julian Heicklen,

> *Plaintiff-Appellant*,

v.                                                                      No. 09-1474-cv

Robert M. Morgenthau, District Attorney
New York County, John Doe, Assistant
District Attorney for Criminal Case
# 2007NY029913, Honorable Eileen Koretz,
Supervising Judge, Criminal Court, New York
County, Serena Springle, Borough Chief Clerk,
Criminal Court, New York County, John Doe,
Judge issuing bench warrant for Julian Heicklin,
Docket # 2007 NY029913 Criminal Court,
New York County, Jacqueline W. Silbermann,
Administrative Judge, New York State Supreme Court,
New York County-Civil Branch, Norman Goodman,
County Clerk, New York State Supreme Court,
New York County-Civil Branch, Justice Edward Lehner,
New York State Supreme Court, New York County-
Civil Branch, Hon. Jonathan Lippman, Presiding
Judge, Supreme Court of the State of New York

Appellate Division First Department, Richard T. Andrias, Justice, Supreme Court of the State of New York Appellate Division First Department, George D. Marlow, Justice, Supreme Court of the State of New York Appellate Division First Department, John T. Buckley, Justice, Supreme Court of the State of New York Appellate Division First Department, Justice James M. Catterson, Supreme Court of the State of New York Appellate Division First Department, William C. Thompson, Jr., Comptroller of the City of New York, Michael Aaronson, Bureau Chief, Bureau of Law and Adjustment Comptroller's Office of New York City, Chief Clerk John McConnell, Supreme Court of the State of New York First Department, Yvonne Roma, Bureau of Law and Adjustment Comptroller's Office of New York City.

*Defendants-Appellees.*[*]

_____

| | |
|---|---|
| For Appellant: | JULIAN HEICKLIN, *pro se*, Teaneck, N.J. |
| For Appellees: | No appearances. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, J.).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Julian Heicklin, *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint alleging claims against seventeen defendants, including nine New York state court judges, three New York state clerks of court, the former District Attorney for New York County and an assistant district attorney, and the former New York City Comptroller

---

[*] The Clerk of the Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

and two employees of the Comptroller's office. In its dismissal order, the district court adopted the reasoning contained in a March 2008 order by a different district court judge which had partially dismissed a separate, prior action filed by the Appellant, which had raised the same claims against the same defendants (plus nine others), pursuant to 28 U.S.C. § 1915(e)(2) and *Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). *See Heicklen v. Kelly, et al.*, No. 08-cv-2457, Doc. No. 2 (S.D.N.Y. Mar. 11, 2008). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Fitzgerald*, 221 F.3d at 364 (holding that district court may dismiss a complaint *sua sponte* pursuant to § 1915(e) even when plaintiff has paid the required filing fee). This Court has not decided whether review of such dismissals is *de novo* or for an abuse of discretion. *See Fitzgerald*, 221 F.3d at 364 n. 2. However, because the reasoning of the March 2008 order, as adopted by the district court in its dismissal of the Appellant's June 2008 complaint, withstands scrutiny under either the *de novo* or abuse of discretion standards of review, we need not reach that issue.

The district court properly dismissed the Appellant's complaint. To the extent the Appellant seeks intervention by the federal courts in his ongoing state criminal proceeding, such relief is foreclosed by *Younger v. Harris*, 401 U.S. 37 (1971), as the Appellant has failed to demonstrate the existence of "special circumstances suggesting bad faith, harassment or

irreparable injury that is both serious and immediate" necessary to warrant intervention. *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973). We affirm the district court's dismissal of the Appellant's claims for damages for substantially the same reasons as articulated by the district court in the March 2008 partial dismissal order.

We have considered all of Appellant's remaining claims of error and determined them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4